# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

DEMETRIUS ANTWAN BIRT,     :

               :

         Plaintiff,      :

               :

    VS.           :

               :    **7 : 12-CV-14 (HL)**

AL JONES,           :

               :

         Defendant.     :

---

## ORDER AND RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. ▪ 1983 are a Motion to Dismiss filed by the Defendant (Doc. 14), as well as a Motion for Appointment of Counsel filed by the Plaintiff (Doc. 20).  The Plaintiff filed this action on January 17, 2012, raising allegations of deliberate indifference to his serious medical needs while confined at Valdosta State Prison ("VSP").  (Doc. 1).  Plaintiff alleges that the Defendant Al Jones, Health Services Administrator at VSP, refused to provide Plaintiff with "better shoes" as allegedly directed by a physician.  *Id.*   Although provided with additional time in which to respond to the Defendant's Motion to Dismiss, the Plaintiff has not filed a response to the Defendant's contentions that this matter should be dismissed.  (Doc. 18).

Plaintiff alleges that while he was housed at VSP in May 2011, he was sent to Augusta State Medical Prison to be seen by a podiatrist for an injured ankle.  Plaintiff maintains that the podiatrist "wrote an order in my medical chart for V.S.P. to supply me with better soft shoes than the ones I were [sic] issued by VSP."  (Doc. 1, p. 4).  Upon his

return to VSP, Plaintiff maintains that a nurse told Defendant Jones of the order for

"better soft shoes" but that the Defendant refused to comply with the order, which

according to Plaintiff was issued by the doctor on two more occasions and each time

refused by Defendant Jones.  *Id.*  Plaintiff asserts that his "condition has gotten worst

[sic]" as a result of the denial of the allegedly needed shoes.  *Id.*

### Motion to Dismiss

Defendant Jones has filed a Motion to Dismiss, alleging in part that Plaintiff has

failed to state a claim for deliberate indifference under 42 U.S.C. § 1983.  (Doc. 14).  A

motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations

accepted as true, fails to "raise a right to relief above the speculative level@  *Bell Atlantic*

*Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain
> sufficient factual matter, accepted as true, to "state a claim to
> relief that is plausible on its face.@  A claim has facial
> plausibility when the plaintiff pleads factual content that allows
> the court to draw the reasonable inference that the defendant is
> liable for the misconduct alleged.  The plausibility standard is
> not akin to a probability requirement, but it asks for more than a
> sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 556,

570).

Defendant Jones maintains that Plaintiff's Complaint does not set out a claim that

Defendant was deliberately indifferent to serious medical needs.  It is well settled that

"[a] prison official=s >deliberate indifference= to a substantial risk of serious harm to an

inmate violates the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 828-829 (1994).  To establish a claim of deliberate indifference, Plaintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants= deliberate indifference to that risk; and (3) causation. *Hale v.Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).  "[A]n objectively serious medical need [is one that] if left unattended, poses a substantial risk of serious harm." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000).  "Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference." *Woody v. Cronic*, 401 Fed.Appx. 509, 512 (11th Cir. 2010).

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Hill v. Dekalb Reg'l. Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994), *overruled on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 (2002).  Alternatively, a serious medical need is determined by whether a delay in treating the need worsens the condition. *Hill*, 40 F.3d at 1188-89.

Plaintiff maintains that his undefined ankle condition required "better soft shoes" than those already supplied by the prison and that a nurse informed Defendant Jones of a physician's orders to this effect.  However, Plaintiff does not allege that Defendant Jones was made aware of or understood the nature or severity of any ankle condition suffered by the Plaintiff, and there is no indication or allegation that Defendant Jones was subjectively aware of any excessive risk of serious harm to Plaintiff if "better" soft shoes

were not provided.  As with all deliberate indifference claims, "[p]rison officials must have been deliberately indifferent to a known danger before we can say that their failure to intervene offended 'evolving standards of decency', thereby rising to the level of a constitutional tort.  The known risk of injury must be 'a strong likelihood, rather than a mere possibility'".  *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976) and *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989)).  Herein, the Plaintiff's allegations fall short of providing any indication that Defendant Jones was aware of a serious condition or risk of harm to the Plaintiff regarding Plaintiff's ankle.

Additionally, the Court notes that Plaintiff's allegations against Defendant Jones amount only to a claim regarding disagreement over proper treatment, which does not give rise to a constitutional claim.  *Harris v. Thigpen*, 941 F.2d 1495, 1507 (11th Cir. 1991).  Plaintiff does not allege that the Defendant knew Plaintiff required soft shoes for his ankle condition, yet withheld them, as Plaintiff clearly sets forth that soft shoes had already been provided by the prison.  Plaintiff's allegations are merely that Jones did not provide a certain type of shoe, instead of the shoes that had already been provided. "When the claim turns on the quality of the treatment provided, there is no constitutional violation as long as the medical care provided to the inmate is 'minimally adequate' . . . Deliberate indifference is not established where an inmate received care but desired different modes of treatment." *Blanchard v. White Co. Det. Center Staff*, 262 Fed.Appx. 959, 964 (11th Cir. 2008) (quoting *Harris*, 941 F.2d at 1504).

"[N]ot every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). Plaintiff points to an opinion from an outside medical source for different treatment than that already provided by the prison. However, "[m]ere incidents of negligence or malpractice do not rise to the level of constitutional violations. Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." *Harris*, 941 F.2d at 1505 (citations omitted). "Assuming, *arguendo*, that Defendant's course of treatment was somehow deficient or differed from the treatment plan other caregivers would have pursued, or that Plaintiff would have preferred, these assertions alone are insufficient" to establish deliberate indifference. *Hillman v. Alston*, 2008 WL 3555936, *4 (S.D.Ga., July 9, 2008). The Eighth Amendment does not mandate that medical care provided to inmates "be perfect, the best obtainable, or even very good." *Harris*, 941 F.2d at 1510.

Accordingly, Plaintiff's deliberate indifference claim must fail.

***Motion to Appoint Counsel***

Plaintiff has once again petitioned this court to appoint legal counsel to represent him in the above-styled proceeding brought pursuant to 42 U.S.C. § 1983. (Doc. 20). The Court has previously indicated that on its own motion it will consider obtaining legal representation for the Plaintiff if and when it becomes apparent that such legal assistance is required to avoid prejudice to his rights. Thus far, the Plaintiff has clearly set forth his

contentions.  The Plaintiff has not alleged any change in the case such that exceptional circumstances now exist to warrant appointment of legal counsel and the Court is of the opinion that legal assistance is not now required.  Accordingly, the Plaintiff's Motion for Appointment of Counsel is **DENIED**.

## *Conclusion*

Based on Plaintiff's failure to state a sustainable deliberate indifference to serious medical needs claim, it is the recommendation of the undersigned that Defendant Jones' Motion to Dismiss (Doc. 14) be  **GRANTED**.   Pursuant to 28 U.S.C. ▪ 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO ORDERED AND RECOMMENDED**, this  17th day of December, 2012.

*s/  THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**